IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MINNESOTA

| | | |
|---|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | ) ) | |
| Plaintiff, | ) ) | CIVIL ACTION NO. |
| v. | ) ) | COMPLAINT |
| TRANSPORT CORPORATION OF AMERICA, INC., D/B/A TRANSPORT AMERICA, | ) ) ) ) | JURY TRIAL DEMAND |
| Defendant. | ) ) | |

## PLAINTIFF EEOC'S COMPLAINT

## NATURE OF THE ACTION

This is an action under Title I of the Americans with Disabilities Act of 1990 and Title I of the Civil Rights Act of 1991 to correct unlawful employment practices on the basis of disabilities and to provide appropriate relief to Matthew Ellison, a qualified individual who was adversely affected by such practices. As alleged with greater particularity below, Ellison is a truck driver who needed his dog, a certified service animal, to accompany him to assist him in connection with his psychological conditions. Defendant required that Ellison pay a fee for the dog to accompany him and refused to permit Ellison to have the dog with him in service facilities and in courtesy vehicles. Defendant's failure to provide reasonable accommodation to Ellison's known disability violated and continues to violate the Americans with Disabilities Act.

## JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343, and 1345.  This action is authorized and instituted pursuant to Section 107(a) of the ADA, 42 U.S.C. § 12117(a), which incorporates by reference Sections 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. §§ 2000e-5(f)(1) and (3), and pursuant to Section 102 of the Civil Rights Act of 1991, 42 U.S.C. §1981a.

2. The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the District of Minnesota.

## PARTIES

3. Plaintiff, the Equal Employment Opportunity Commission (the "Commission" or "EEOC"), is the agency of the United States of America charged with the administration, interpretation and enforcement of Title I of the ADA and is expressly authorized to bring this action by Section 107(a) of the ADA, 42 U.S.C. § 12117(a), which incorporates by reference Sections 706(f)(1) and (3) of Title VII, 42 U.S.C. §§ 2000e-5(f)(1) and (3).

4. At all relevant times, Defendant Transport Corporation of America, Inc., d/b/a Transport America ("Transport America" or "Defendant Employer") has continuously had at least 15 employees and has continuously done business in the State of Minnesota and the City of Eagan.

5. At all relevant times, Defendant has continuously been an employer engaged in an industry affecting commerce under Sections 101(5) and 101(7) of the

ADA, 42 U.S.C. §§ 12111(5), (7), which incorporate by reference Sections 701(b), (g) and (h) of Title VII, 42 U.S.C. §§ 2000e(b), (g) and (h).

6. At all relevant times, Defendant Employer has been a covered entity under Section 101(2) of the ADA, 42 U.S.C. § 12111(2).

## ADMINISTRATIVE PROCEDURES

7. More than thirty days prior to the institution of this lawsuit, Matthew Ellison filed a charge with the Commission alleging violations of Title I of the ADA by Transport America. Among other things, Ellison alleged in his charge that Transport America violated the ADA by restricting his service animal from its property and requiring that he keep it in a kennel up to seven hours on occasion.

8. On March 30, 2018, the Commission issued a Letter of Determination to Transport America, finding reasonable cause to believe that Defendant violated the ADA and inviting Transport America to join with the Commission in informal methods of conciliation in an endeavor to eliminate the unlawful employment practices and provide appropriate relief.

9. The EEOC engaged in communications with Defendant to provide Defendant with the opportunity to remedy the discriminatory practices described in the Letter of Determination.

10. July 26, 2018, the Commission issued a Notice of Failure of Conciliation to Transport America, advising Transport America that the Commission was unable to secure a conciliation agreement acceptable to the Commission from Defendant.

11. All conditions precedent to the institution of this lawsuit have been

fulfilled.

## STATEMENT OF CLAIMS

12. Since at least May 2015, Defendant Transport America has engaged in unlawful employment practices in its Eagan, MN, facility in violation of Section 102(a) of Title I of the ADA, 42 U.S.C. §12112(a).

13. Matthew Ellison is a qualified individual with a disability under Sections 3 and 101(8) of the ADA, 42 U.S.C. §§ 12102 and 12111(8).

14. Ellison has impairments, social anxiety disorder and depression, which substantially limit major life activities including, but not limited to, interacting with others, sleeping, brain function, and thinking.

15. Ellison uses a service dog to assist him in coping with his disabilities and to assist him in appropriate daily routine functions, social interactions and workplace functions.

16. Ellison has panic attacks.

17. Ellison's service dog detects and warns Ellison about an impending panic attack, allowing him to move to a safe place and practice other therapeutic techniques to alleviate the attacks.

18. Ellison requested that Defendant Employer allow him to use the service dog while working as a truck driver as a reasonable accommodation.

19. Ellison notified Defendant Employer directly and/or through its vendor First Source of his medical diagnosis.

20. Ellison notified Defendant Employer directly and/or through its vendor

First Source of his need for the service animal to accompany him.

21. Ellison notified Defendant Employer directly and/or through its vendor First Source of the manner in which the service animal would assist him if he should suffer a panic attack.

22. Allowing Ellison to have the dog accompany him as a reasonable accommodation would not have posed an undue hardship upon Transport America.

23. Transport America refused to allow Ellison to have the dog accompany him as a reasonable accommodation.

24. Instead, Transport America required Ellison to abide by its "dog policy."

25. Transport America's dog policy allowed truck drivers to have dogs in the truck only under certain conditions, including requiring them to pay a $400 fee and an additional $3 a week.

26. Transport America's dog policy prohibited truck drivers from having their dogs accompany them during orientation.

27. Transport America's dog policy prohibited truck drivers from having their dogs with them in service facilities and required them to be kenneled or leashed outside during this time.

28. Transport America's dog policy does not permit Ellison to take the dog with him in courtesy vehicles that are available to drivers at service facilities.

29. Transport America refused to reasonably accommodate Ellison by modifying this policy to remove the fees and the restrictions for Ellison's service dog.

30. Transport America discriminated against Ellison by refusing to recognize Ellison's dog as a reasonable accommodation, and by placing burdens upon Ellison's use

of the dog, including by the following actions:

  a. Transport America violated the ADA when it charged Ellison fees as a condition of allowing the dog to accompany him. Employers cannot charge for a reasonable accommodation where that accommodation does not impose an undue hardship;

  b. Transport America violated the ADA by refusing to allow Ellison's service dog to accompany him into service facilities or other properties, or allowing him in courtesy vehicles. By restricting Ellison's use of his dog in these circumstances, Transport America made Ellison have to choose between being at an increased risk of a panic attack if he used the facility fully or the vehicle or not using the facility or vehicle so he could stay with his service dog.

31. The practices described above violate the ADA, Section 102(a), 42 U.S.C. 12112(a), because discrimination under the ADA includes not making reasonable accommodations to the known mental limitations of an otherwise qualified individual with a disability who is an employee.

32. The effect of the practices described above has been to deprive Matthew Ellison of equal employment opportunities and otherwise adversely affect his status as an employee because of his disabilities.

33. The unlawful employment practices described herein were intentional.

34. The unlawful employment practices described herein were done with malice or with reckless indifference to Ellison's federally protected rights.

**PRAYER FOR RELIEF**

Wherefore, the Commission respectfully requests that this Court:

A. Grant a permanent injunction enjoining Transport America, its officers, agents, servants, employees, attorneys, and all persons in active concert or participation with it, from discriminating against qualified individuals with disabilities who use a service animal or emotional support animal.

B. Order Defendant Employer to institute and carry out policies, practices, and programs which provide equal employment opportunities for qualified individuals with disabilities, and which eradicate the effects of its past and present unlawful employment practices.

C. Order Transport America to make Matthew Ellison whole by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described in this Complaint in amounts to be determined at trial.

D. Order Transport America to make Matthew Ellison whole by providing compensation for past and future non-pecuniary losses resulting from the unlawful practices described in this Complaint, including but not limited to emotional pain, suffering, inconvenience, loss of enjoyment of life, and humiliation, in amounts to be determined at trial.

E. Order Transport America to pay Matthew Ellison punitive damages for its malicious and reckless conduct, as described herein, in amounts to be determined at trial.

F. Grant such further relief as the Court deems necessary and proper in the public interest.

G. Award the Commission its costs in this action.

## JURY TRIAL DEMAND

The Commission requests a jury trial on all issues and questions of fact raised in its Complaint.

Respectfully submitted,

James L. Lee
Deputy General Counsel

Gwendolyn Young Reams
Associate General Counsel

EQUAL EMPLOYMENT OPPORTUNITY
    COMMISSION

s/ Gregory Gochanour_____
Gregory Gochanour
Regional Attorney
EEOC Chicago District Office
500 W. Madison Street, Suite 2000
Chicago, IL 60661
(312) 872-9685 (Office)
(312) 869-8124 (Facsimile)
gregory.gochanour@eeoc.gov

s/ Jean P. Kamp_____
Jean P. Kamp
Associate Regional Attorney
EEOC Chicago District Office
500 W. Madison Street, Suite 2000
Chicago, IL 60661
(312) 872-9691 (Office)
(312) 869-8124 (Facsimile)
jean.kamp@eeoc.gov

s/ Laurie A. Vasichek_____
Laurie A. Vasichek
Senior Trial Attorney

8

Minn. No. 171438
330 2nd Ave. S., Suite 720
Minneapolis, MN 55419
(612) 552-7315 (Office)
(612) 335-4044 (Facsimile)
Laurie.vasichek@eeoc.gov

9